**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| ADAM LEE GREATHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22-cv-00001-HEA |
| | ) |
| MATTHEW WILSON, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Adam Lee Greathouse for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a "resident transaction report," rather than the account statement required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion and transaction report, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Adair County Jail in Kirksville, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Adair County Prosecutor Matthew Wilson as the sole defendant. (Docket No. 1 at 3). Plaintiff does not indicate the capacity in which Wilson is sued. The complaint contains allegations of "vindictive" prosecution.

In the "Statement of Claim," plaintiff asserts that on January 4, 2022, he "had circuit court in Adair County at 9:00 a.m. with Judge Russell Steele." (Docket No. 1 at 5). At the hearing, plaintiff was represented by his public defender, who asked that plaintiff be furloughed from jail

in order to attend his mother-in-law's funeral services. The funeral was to be held on January 8, 2022.

According to plaintiff, Prosecutor Wilson objected to his furlough request. Specifically, he alleges that Wilson lied "to the judge" and said "on the record that [Wilson] had contacted the jail earlier that day and jail staff had told him that they heard [plaintiff] was going to run if the furlough was granted." Based on this purported lie, Judge Steele denied plaintiff's request for a furlough.

Once plaintiff returned to jail from court, he wrote a grievance to the jail administrator asking "who said these lies about [him]." Plaintiff states that the jail administrator advised him that the administrator "hadn't talked to Matt Wilson (Prosecutor) like the prosecutor said." (Docket No. 1 at 6). Furthermore, the jail administrator allegedly told plaintiff "that no one from the jail told the prosecutor they heard [he] was going to run if a furlough was granted," and that Prosecutor Wilson "never even contacted the jail the morning [plaintiff] had court,"

Plaintiff accuses Prosecutor Wilson of committing perjury and of lying "by saying [Wilson] contacted the jail, when he never did that morning, and by making up a lie and saying a jail staff [member] told him they overheard [plaintiff] say [he] was going to run from furlough."

Attached to the complaint is a copy of the grievances plaintiff submitted relating to Prosecutor Wilson's alleged perjury. (Docket No. 1-1). The Court will treat this exhibit as part of the pleadings.[1] According to plaintiff's own exhibit, and contrary to his allegations, Prosecutor Wilson *did* contact the jail administrator, and *did* discuss the likelihood of plaintiff returning from furlough. (Docket No. 1-1 at 1). The only discrepancy is that Prosecutor Wilson apparently called

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

4

the day before plaintiff went to court, rather than the morning of court, as Wilson allegedly stated to the judge. Contrary to plaintiff's contention that the jail administrator denied telling Prosecutor Wilson that plaintiff was a flight risk, the exhibit shows that the jail administrator admitted to discussing this topic, but refused to divulge the contents of that conversation to plaintiff. (Docket No. 1-1 at 2).

Based on Prosecutor Wilson's so-called perjury, plaintiff states that he was denied the opportunity "to pay [his] respects to a very close loved one." (Docket No. 1 at 6). As a result, he wants a change of venue for all his active cases, a different prosecutor, and $100,000 for emotional distress. (Docket No. 1 at 7).

**Discussion**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, accusing Prosecutor Wilson of lying to the judge in a state criminal case in order to keep him from being furloughed for a funeral. Because he is proceeding in forma pauperis, the Court has reviewed plaintiff's complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Official Capacity Claim**

Having reviewed the complaint, it does not appear that plaintiff has indicated the capacity in which Prosecutor Wilson is sued. A plaintiff can bring a 42 U.S.C. § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and

5

unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Because plaintiff's complaint is silent as to capacity, the Court must assume that Prosecutor Wilson is sued in an official capacity only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Prosecutor Wilson is alleged to be employed by Adair County. Thus, the official capacity claim against him is treated as being made against the county itself, his employer.

A local governing body such as Adair County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged

6

conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Adair County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

7

    2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

    3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented any facts supporting the proposition that Adair County harmed him due to an unconstitutional policy, custom, or failure to train.

First, with regard to policy, plaintiff provides no indication that he was harmed by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Adair

8

County's] governing body." Certainly, his facts fail to establish that Prosecutor Wilson's behavior at plaintiff's furlough hearing constituted "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Rather than suggest an official act by policymakers, plaintiff's assertions are confined to the behavior of an individual attorney. Aside from a lack of direct allegations regarding an unconstitutional policy, the Court notes that it cannot infer the existence of a policy or custom based on a single occurrence, which is all that is presented here. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, as to custom, plaintiff has not shown the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by [Adair County] employees," much less that policymakers were deliberately indifferent to or tacitly authorized such misconduct. Instead of a "persistent pattern," plaintiff's facts – such as they are – focus on one instance when a prosecutor objected to his furlough from jail. Even assuming that Prosecutor Wilson's conduct violated the constitution, a single occurrence is not sufficient to establish a pattern.

Third, plaintiff has not demonstrated that Adair County was deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, there must be some indication that the county "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, this is done through allegations of a "pattern of similar constitutional violations by untrained employees." Here, as already discussed, plaintiff has not presented any facts describing a pattern of unconstitutional acts, but has confined his "Statement of Claim" to a single occurrence.

Finally, to the extent that plaintiff seeks to hold Adair County responsible for the actions of Prosecutor Wilson, the Court observes that a municipality cannot be held liable merely because

9

it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory").

For all of these reasons, plaintiff has failed to state a claim against Adair County. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, the official capacity claim against Prosecutor Wilson must be dismissed.

### B. Individual Capacity Claim

Because plaintiff has not specifically named Prosecutor Wilson in an individual capacity, the Court must treat his claim as being in Wilson's official capacity only. Even if Wilson had been sued individually, however, plaintiff's claim still fails.

First, Prosecutor Wilson is protected from suit under 42 U.S.C. § 1983 by absolute prosecutorial immunity. In other words, Wilson is immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *See Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the state in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the

judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

In this case, plaintiff has accused Prosecutor Wilson of lying during a furlough hearing, in an attempt to keep plaintiff from being furloughed for a funeral. An appearance at a furlough hearing is an action "intimately associated with the judicial phase of the criminal process." That is to say, Wilson's role in the hearing was part of his prosecutorial duties, and was undertaken as an advocate for the State of Missouri in a criminal case. Therefore, Wilson is absolutely immune from suit. Moreover, this immunity is applicable despite plaintiff's allegations of vindictiveness and perjury. Thus, even assuming plaintiff had sued Wilson in an individual capacity, the claim would be subject to dismissal.

Even if immunity did not apply, plaintiff has failed to state a 42 U.S.C. § 1983 claim against Prosecutor Wilson. Under § 1983, "[g]overnment officials are personally liable only for their own

misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). To demonstrate liability, plaintiff must establish "a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

In this case, plaintiff has not established a causal connection between Prosecutor Wilson's actions and the violation of plaintiff's constitutional rights. He alleges that Wilson lied to the judge at a furlough hearing, in order to keep plaintiff from being furloughed for a funeral. In particular, plaintiff asserts that Wilson told the judge he spoke with the jail administrator "earlier that day," when in reality, Wilson called the jail administrator the day before.

These facts do not establish that Prosecutor Wilson's alleged misstatement has any constitutional dimension. More to the point, plaintiff does not provide any support for the argument that he has a constitutional right to a furlough from jail. Absent a liberty interest in a furlough, it cannot be said that Wilson's role in denying him a furlough violated a constitutional right. *See Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986) (explaining that plaintiff had failed to demonstrate a liberty interest in a furlough from the Missouri Department of Corrections, because he "pointed to no statute, regulation, or policy pronouncement which states" that his furlough request must be granted upon meeting the criteria). Therefore, for this reason as well, any individual capacity claim would be subject to dismissal. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States").

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 8). The motion will be denied as moot as this case is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of April, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE